Argued and submitted February 14, affirmed July 1, 1992

In the Matter of the Compensation of
James E. Peacock, Claimant.

James E. PEACOCK,
*Petitioner,*

*v.*

VENEER SERVICES
and SAIF Corporation,
*Respondents.*

(88-02788; CA A69400)

833 P2d 1364

Donald M. Hooton, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Moore & Johnson, Eugene.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Worker's Compensation Board order denying him vocational assistance benefits. The issue is whether he was properly denied vocational assistance because he cannot come to Oregon to obtain it. We affirm.

Claimant compensably injured his back in 1978. He was awarded 55% permanent partial disability and has had five back surgeries. In 1986, he negotiated a plea bargain on a criminal charge and, pursuant to the plea agreement, received five years' probation, to be spent in Tennessee.

At that time, ORS 656.340(6)[1] provided:

"Vocational evaluation, help in directly obtaining employment and training shall be available under conditions prescribed by the director. The director may establish other conditions for providing vocational assistance, including those relating to the worker's availability for assistance, participation in previous assistance programs connected with the same claim and the nature and extent of assistance that may be provided. Such conditions shall give preference to direct employment assistance over training."

Pursuant to that statute, the Department of Insurance and Finance (DIF) promulgated OAR 436-120-040(3),[2] which provided that the worker must be

"available in Oregon for vocational assistance. However, this does not preclude furnishing services at sites outside Oregon if the insurer finds that more effective in the particular circumstances."

In August, 1987, claimant asked SAIF to provide him with vocational services in Tennessee. SAIF denied benefits, because claimant was not available to receive them in Oregon.[3] The director of DIF affirmed SAIF's denial. The Board affirmed the director's order.

---

[1] *Former* ORS 656.340(6) was renumbered as ORS 656.340(7) by Or Laws 1987, ch 884, § 15. We refer to that version.

[2] OAR 436-120-040(3) has been modified and renumbered as OAR 436-120-040(5).

[3] Tennessee's vocational rehabilitation agency found that claimant was eligible for the vocational services that it administered, but he sought Oregon's greater benefits.

■ Claimant first argues that the Board erred in concluding that his eligibility for vocational assistance should be determined according to the law in effect at the time of the request for services in 1987, rather than on the date of injury in 1978. His reliance on ORS 656.202(2) for that contention is misplaced, because that section "does not apply to vocational assistance benefits." ORS 656.202(5). The Board committed no error.

■ Claimant argues that OAR 436-120-040(3) exceeds the authority that ORS 656.340(6) grants to the director because it denied assistance to an injured worker who was otherwise entitled to it, in violation of the policy favoring expeditious restoration of injured workers to self-sufficiency "to the greatest extent practicable." ORS 656.012(2)(c).[4]

■ A worker's right to vocational assistance is not unqualified. ORS 656.340(6) makes those benefits available "under conditions prescribed by the director" and authorized the director to "establish other conditions for providing vocational assistance, including those relating to the worker's availability for assistance * * *." The statute authorized the eligibility rule that claimant challenges. That the rule arguably conflicts to some degree with the legislature's broad policy in ORS 656.012(2)(c) does not alter our conclusion. The specific statutory authority for the rule controls over the general policy statement favoring the self-sufficiency of injured workers. ORS 174.020. The Board correctly upheld the rule. We also reject claimant's argument that the director abused his discretion by declining to waive the eligibility condition or create other conditions that would have resulted in benefits for him. We find no abuse of discretion.

■ Finally, claimant argues that, if OAR 436-120-040(3) was statutorily authorized, ORS 656.340(6) violates Article I, section 20, of the Oregon Constitution and the right to interstate travel protected by the Fourteenth Amendment to

---

[4] ORS 656.012(2)(c) provides:

"In consequence of these findings, the objectives of the Workers' Compensation Law are declared to be as follows:

"* * * * *

"(c) To restore the injured worker physically and economically to a self-sufficient status in an expeditious manner and to the greatest extent practicable * * *."

the United States Constitution. Oregon Constitution, Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Claimant argues that ORS 656.340(6) impermissibly divides workers injured in Oregon into two distinct classes: those who can come to Oregon for vocational assistance and those who cannot. However, a privileges and immunities challenge will not succeed if "the law leaves it open to anyone to bring himself or herself within the favored class on equal terms." *State v. Clark*, 291 Or 231, 240, 630 P2d 810, *cert den* 454 US 1084, 102 S Ct 640, 70 L Ed 2d 619 (1981). Here, claimant's probation, not the worker's compensation laws, prevents him from appearing in Oregon to receive vocational assistance, and he makes no challenge to the validity of the probation. The denial of benefits does not offend his right to equal privileges and immunities.

■ Claimant's challenge under the Fourteenth Amendment also fails. He cites *Memorial Hospital v. Maricopa County*, 415 US 250, 94 S Ct 1076, 39 L Ed 2d 306 (1974), for the proposition that a state violates the right to interstate travel if it denies benefits based on one's residency. *Memorial Hospital* is inapposite, because OAR 436-120-040(3) did not impose a residency requirement. Under the rule, workers need not be residents of Oregon; they must only be available to receive benefits in Oregon. That he must be available in Oregon to receive benefits does not offend his right to interstate travel.

Affirmed.