Argued and submitted November 4, 2009, affirmed January 27, 2010

Carmen CARREON,
*Petitioner,*

*v.*

COMMERCE & INDUSTRY INS. CO.
and Department of Consumer and Business Services,
*Respondents.*

Department of Consumer and Business Services
07020H; A137651

226 P3d 73

R. Adian Martin argued the cause and filed the brief for petitioner.

Jerald P. Keene argued the cause and filed the brief for respondent Commerce & Industry Ins. Co.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

EDMONDS, S. J.

## EDMONDS, S. J.

In this workers' compensation case, claimant seeks review of a final order of the Director of the Department of Consumer and Business Services (the director) that denied her vocational assistance benefits. She contends that she was improperly denied vocational assistance benefits pursuant to OAR 436-120-0320(10)(a) (2007), which states that, as a condition for receiving vocational assistance, the worker must be "authorized to work in the United States."[1] Specifically, claimant asserts that that rule "exceeds the scope of the statute, ORS 656.340, where the legislature specified eligibility criteria" for vocational assistance.[2] We affirm.

Claimant was compensably injured in 2005 and, in 2006, her claim was closed, with an award for permanent impairment. After the claim was closed, claimant was notified that she was ineligible for vocational assistance because she was not authorized to work in the United States. Claimant sought review, and the director ultimately issued a final order affirming the denial of vocational assistance based on OAR 436-120-0320(10)(a).

■      On review, claimant argues that ORS 656.340 conditions eligibility for vocational assistance on whether the worker is able to return to the previous employment or to any other available and suitable employment, and whether the worker has a substantial handicap to employment. In her view, OAR 436-120-0320(10)(a) exceeds the authority to promulgate rules granted to the department by the legislature because it imposes a condition for eligibility for vocational assistance that is not required by the statute. It follows, in claimant's view, that the rule is unlawful because it

---

[1] The rule at issue provides:

"A worker entitled to an eligibility evaluation is eligible for vocational services if all the following additional conditions are met:

"(a)  The worker is authorized to work in the United States."

OAR 436-120-0320(10) (2007). That condition is currently set forth in section (11)(a) of the rule. However, for convenience, we refer herein to the 2007 version of the rule.

[2] In 2009, after this case was filed, ORS 656.340 was amended. Or Laws 2009, ch 35, § 1; Or Laws 2009, ch 312, § 1. All references herein are to the 2007 version of the statute.

exceeds the department's delegated authority. Employer counters that ORS 656.340(7) authorizes the rule at issue in this case.

■■ To resolve the issue of whether the rule is within the department's authority to promulgate, we examine the text of the relevant statutes in context, along with any relevant legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Also, we give statutory terms that are not defined within the relevant statutes their plain and ordinary meanings. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 617, 859 P2d 1143 (1993).

Pursuant to ORS 656.340(6)(a),

> "[a] worker is eligible for vocational assistance if the worker will not be able to return to the previous employment or to any other available and suitable employment with the employer at the time of injury or aggravation, and the worker has a substantial handicap to employment."

For purposes of this appeal, the parties do not dispute that claimant qualifies as a "worker" within the meaning of the statute. *See* ORS 656.005(30).[3] Although ORS 656.340(6)(a) provides eligibility criteria for vocational assistance, additionally, ORS 656.340(7) states that

> "[v]ocational evaluation, help in directly obtaining employment and training shall be available under conditions prescribed by the director. *The director may establish other conditions for providing vocational assistance*, including those relating to the worker's availability for assistance, participation in previous assistance programs connected with the same claim and the nature and extent of the assistance provided. Such conditions shall give preference to direct employment assistance over training."

(Emphasis added.) In other words, although ORS 656.340(6) establishes some of the eligibility criteria for vocational assistance, it appears that the director may impose additional requirements not set forth in subsection (6) pursuant to the authority granted to the director in ORS 656.340(7).

---

[3] ORS 656.005(30) defines a "worker" as "any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

■  Claimant understands the interaction between subsections (6) and (7) differently:

> "The trouble with the director's reliance on ORS 656.340(7) is that it does not address eligibility, and does not provide a grant of authority to change the criteria in ORS 656.340(6). * * *

> "The 'conditions' the legislature addresses in ORS 656.340(7) refer to what type of assistance is available to those who are eligible and how assistance is to be provided. Where eligibility is addressed[,] the legislature chose to use the term 'eligible' as it did in ORS 656.340(6), not the term 'available.' In ORS 656.340(7), the legislature chose to use the term 'conditions.' The meaning of the terms 'availability' and 'conditions' is even more obvious when the context from the final sentence of ORS 656.340(7) is considered: 'Such conditions shall give preference to direct employment assistance over training.' "

We are not persuaded by claimant's interpretation. ORS 656.340(7) expressly provides that the director may establish "other conditions" that are prerequisites to the "providing [of] vocational assistance," including certain enumerated "other conditions." A "condition" is "**1a** something established * * * as a requisite to the doing or taking effect of something else." *Webster's Third New Int'l Dictionary* 473 (unabridged ed 2002). The word "other" in the context of ORS 656.340(7) refers to conditions that are "distinct from the one or those first mentioned or understood." *Webster's* at 1598. Moreover, "the legislature frequently specifies what a statutory term definitely includes and also provides a general definition of what the term means apart from those things specifically enumerated." *State v. Haynes*, 149 Or App 73, 77, 942 P2d 295 (1997), *rev den*, 328 Or 275 (1999) (emphasis omitted).

In the context of ORS 656.340(6)(a) and ORS 656.340(7), the conditions first mentioned for eligibility for vocational assistance are the conditions for eligibility in subsection (6)—*i.e.*, whether the worker is not able to return to the previous employment or to any other available and suitable employment and that the worker has a substantial handicap to employment. In light of the ordinary meaning of

the phrase "other conditions" in ORS 656.340(7), the legislature has authorized the imposition of *other* conditions to the providing of vocational assistance in addition to those set forth in ORS 656.340(6), including some conditions that are expressly authorized.

Claimant's interpretation is at odds with the unqualified scope of the words used by the legislature in ORS 656.340(7). If we were to agree with claimant's interpretation that the word "conditions" in subsection (7) applies only to what type of assistance is available to those who are eligible and how assistance is to be provided, the result would be to write a qualification into subsection (7) that restricts or limits the scope of the statutory phrase "other conditions for providing vocational assistance." Such a limitation or restriction does not appear in the statute's text, and to insert such a qualification into the language of the statute would be contrary to the admonishment in ORS 174.010 that courts are not to insert into a statute what has been omitted. Indeed, ORS 656.340, read as a whole, does not limit the director to the conditions enumerated in any particular subsection. Instead, the statute gives a nonexclusive list of some types of conditions that the director may impose. *Cf. Edwards v. Riverdale School District*, 220 Or App 509, 515, 188 P3d 317, *rev allowed*, 345 Or 417 (2008) (where a statute specifies only what a term "includes," the term can also encompass things not included within that list).

In *Peacock v. Veneer Services*, 113 Or App 732, 833 P2d 1364 (1992), we addressed a similar issue regarding whether a claimant was properly denied vocational assistance because he was required by the terms of his probation to remain in Tennessee and, as a result, was unable to come to Oregon to receive his benefits.[4] The claimant argued that the relevant administrative rule exceeded the director's authority "because it denied assistance to an injured worker who was otherwise entitled to it * * *." *Id.* at 735. We held, however, that "[a] worker's right to vocational assistance is not unqualified." *Id.* Instead, the statute "makes those benefits available 'under conditions prescribed by the director'

---

[4] The rule challenged in *Peacock* was OAR 436-120-040(3), a previous version of the rule at issue in this case.

and authorized the director to 'establish other conditions for providing vocational assistance, including those relating to the worker's availability for assistance * * *.' " *Id.*

Similarly, the director imposed by rule in this case an additional condition to a worker's entitlement to receive vocational assistance: the worker must be legally authorized to work in the United States. That rule, we conclude, is a valid exercise of the authority granted to the director under ORS 656.340(7) to "establish other conditions for providing vocational assistance."

Affirmed.